Cheryl L. WILLIAMS, Special Administratrix of the Estate of Mitchell Conrad Smith, Estate of Mitchell Conrad Smith, Louanne Eben and Ronald B. Smith, Plaintiffs,

v.

PYRAMID LAKE PAIUTE TRIBE OF the PYRAMID LAKE RESERVATION, an American Indian Tribe; et al., Defendants.

No. CV–R–84–277–ECR.

United States District Court, D. Nevada.

Jan. 8, 1986.

Ronald J. Bath and David R. Houston, Reno, Nev., and John Echeverria, San Francisco, Cal., for plaintiffs.

David R. Grundy, Reno, Nev., for Pyramid Lake Paiute Tribe of the Pyramid Lake Reservation; The Pyramid Lake Paiute Tribe; Pyramid Lake Paiute Tribal council; Roy Garcia, Wilfred Shaw; Clifford Davis; William Wadsworth; Warren Tobey; Gordon Frazier; Lorena Eben; Robert James; Albert Phoenix; Fred John; Della John; Debra Harry; Marvin Wright, Sr.; Joe Ely; Rosalie Dunn & Glorena Guerrero.

Robert A. McQuaid, Reno, Nev., for Pyramid Lake Indian Tribal Enterprises.

Don Nomura, Reno, Nev., for Elwood Lowery.

## ORDER

EDWARD C. REED, JR., District Judge.

Plaintiffs seek damages for the alleged wrongful death of an eight-year-old boy. The child, an Indian, found an unexploded firework on the shore of Pyramid Lake within the exterior boundaries of the Pyramid Lake Paiute Indian Tribe. The boy took the firework home where he exploded it with a match. He died shortly thereafter from the injuries he sustained.

Several defendants now move this Court to dismiss the complaint for failure to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6).[1] The defendants contend that: (1)

---

1. This Court received three motions to dismiss. Defendants, Pyramid Lake Paiute Tribe of the Pyramid Lake Reservation, an American Indian tribe; the Pyramid Lake Paiute Tribe, a Federal corporation; Pyramid Lake Paiute Tribal Council; Roy Garcia; Wilfred Shaw; Clifford Davis; William Wadsworth; Warren Tobey; Gordon Frazier; Lorena Eben; Robert James; Albert Phoenix; Fred John; Della John; Debra Harry, Mervin Wright, Sr.; Joe Ely; Rosalie Dunn; and Glorena Guerroro move for dismissal (document # 7). Defendant Pyramid Lake Indian

this Court lacks subject matter jurisdiction; and (2) the moving defendants enjoy sovereign immunity.

The Court will first examine defendants' contention that this Court lacks subject matter jurisdiction. Plaintiffs allege that the moving defendants, the Pyramid Lake Paiute Tribe, its Tribal Council and the individual members of the Tribal Council, violated their civil rights. Plaintiffs assert that this Court has subject matter jurisdiction for money damages because of violations of their civil rights as guaranteed by the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1303 (ICRA). Plaintiffs argue that their claims arise under federal law and, therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs misconstrue ICRA.

The Supreme Court has unequivocally held that the only remedy Congress intended to redress violations of ICRA is a petition for a writ of habeas corpus. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 52, 98 S.Ct. 1670, 1673, 56 L.Ed.2d 106 (1978). Congress, while imposing upon the tribes certain rights guaranteed to the people of the United States, stopped short of imposing identical restrictions. *Id.* at 57, 98 S.Ct. at 1676. Congress specifically declined to assert all of our constitutional rights on the sovereign Indian tribes. *Id.* Thus, although a Tribe is bound by the ICRA, a federal court has no jurisdiction to enjoin violations or to award damages for violations of that Act. *Id.*

Further, there is no federal legislation which grants the federal courts jurisdiction over civil disputes between Indians and non-Indians that arise on an Indian reservation. *But c.f. Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978) (federal legislation conferring jurisdiction on the federal courts to try non-Indians for offenses committed in Indian Country implicitly pre-empted tribal criminal jurisdiction over non-Indians).

Plaintiffs, however, urge this Court to ignore the clear holding of *Santa Clara*, and instead adopt the much criticized opinion of *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes*, 623 F.2d 682 (10th Cir.1980). Not only is the case before this Court factually distinguishable from *Dry Creek*, but this Court finds that *Dry Creek* is not the law of this circuit, nor is it the law of the United States.

First, the Ninth Circuit has expressly rejected the *Dry Creek* case and its analysis. The Ninth Circuit has never wavered from its recognition that federal courts lack jurisdiction over civil actions for the kind of relief which plaintiffs now seek. Most recently, in *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979 (9th Cir.1983), the court recognized that the holding in *Santa Clara:*

> "... 'foreclosed any reading of the [Act] as authority for bringing civil actions in federal court to request ... forms of relief [other than habeas corpus].' *Snow v. Quinault Indian Nation*, 709 F.2d 1319, 1323 (9th Cir.1983), *petition for cert. filed*, 52 U.S.L.W. 3310 (U.S. Oct. 11, 1983) No. 83–595; *accord Boe v. Fort Belknap Indian Community*, 642 F.2d 276, 278–79 (9th Cir.1981); *Trans-Canada Enterprises, Ltd. v. Muckleshoot Indian Tribe*, 634 F.2d 474, 477 (9th Cir. 1980). *Contra Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes*, 623 F.2d 682 (10th Cir.1980), *cert. denied*, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981)."

719 F.2d at 981.

Second, the concerns of the *Dry Creek* court were that the plaintiffs were non-Indians who had been foreclosed from any remedy for the violations of their civil rights and that the issue was not concerned with the internal affairs of the tribe. The court found that there had to be a forum where the dispute could be settled. *Id.* at 685. In this case, the victim was an Indian and plaintiffs are suing both Indians and

---

Tribal Enterprises moves for dismissal (document # 11). Defendant Elwood Lowery moves for dismissal (document # 15). Because all of

the defendants' motions contained similar contentions, the Court will refer to the defendants' contentions collectively.

non-Indians for a death that occurred within the exterior boundaries of the Pyramid Lake Paiute Reservation. Plaintiffs appropriately filed suit in the Tribal Court and they have not been foreclosed from their remedies. The plaintiffs express concern that the Tribal Court may decline to exercise jurisdiction or that jurisdiction may be challenged by the non-Indian defendants. The decisions as to the existence and extent of a tribal court's jurisdiction, however, should be conducted in the first instance in the tribal court. *National Farmers Union Ins. Co. v. Crow Tribe of Indians,* —— U.S. ——, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985). In *National Farmers,* a school district and its insured sought a preliminary injunction preventing the execution of a default judgment entered by the Crow Tribal Court against the school district. The Supreme Court held that the district court had jurisdiction under 28 U.S.C. § 1331 to determine the jurisdiction of the tribal court, but only after tribal court remedies had been exhausted. *Id.* at 2454. Accordingly, until plaintiffs have exhausted the remedies available to them in the Tribal Court system, it would be premature for this Court to consider any relief. *Id.*

Plaintiffs also express concern that if this case is dismissed from this Court, they will be foreclosed from ever litigating this case because several of the defendants are non-Indians.[2] The Supreme Court, however, noted recently that a tribal court may have the power to exercise civil subject-matter jurisdiction over non-Indians. *National Farmers Union Ins. Co. v. Crow Tribe of Indians,* 105 S.Ct. at 2553.

Plaintiffs assert as the simple basis of jurisdiction that their civil rights have been violated. The policy supporting tribal self-government outweighs the general policy of inferring a cause of action under other civil rights statutes. *Santa Clara,* 436 U.S. at 61–66, 98 S.Ct. at 1678–81. ICRA is primarily enforceable in tribal forums. *Id.* at 65, 98 S.Ct. at 1680. Thus, this Court has no jurisdiction at this time.[3] Because this Court finds that we have no subject matter jurisdiction, the Court does not reach defendants' remaining contention.

CONCLUSION

Plaintiffs are suing the Pyramid Lake Paiute Tribe and various tribal entities and officials for the alleged wrongful death of an eight-year-old boy. Tragic as this accident was, however, this Court has no jurisdiction. It would appear that the entire complaint should be dismissed. However, this Court will grant plaintiffs 30 additional days to amend their complaint to include proper allegations which may establish this Court's jurisdiction over the remaining defendants.[4]

IT IS, THEREFORE, HEREBY ORDERED that the motions to dismiss the complaint are GRANTED as to the moving defendants.[5]

IT IS FURTHER ORDERED that plaintiffs shall have 30 days within which to file an amended complaint and if no amended complaint is filed, then the complaint shall be dismissed as to the remaining defendants.

**2.** Plaintiffs also attached the entire factual history of this case to their opposition to the defendants' motion to dismiss. None of this material is pertinent to a Fed.R.Civ.P. 12(b)(6) motion to dismiss. This Court did not consider any of the information in making our decision.

**3.** This, of course, leaves open the question of our jurisdiction should the Pyramid Lake Paiute Tribal Court decide not to exercise its possible jurisdiction. *See R.J. Williams,* 719 F.2d at 983–984. Plaintiffs, however, have not given the Tribal Court the opportunity to determine whether it will exercise jurisdiction. As the Supreme Court recently noted, a full record should be developed in the tribal court and all

tribal court remedies should be exhausted prior to this Court exercising our jurisdiction. *National Farmers,* 105 S.Ct. at 2454.

**4.** This Court may have diversity jurisdiction over the remaining defendants. Although this Court has no independent basis for jurisdiction, a cursory look at the defendants indicates that if the Indian defendants are dismissed, this Court may have diversity jurisdiction over the California defendants. At this time, this Court does not, of course, intend to pass on whether or not we would have jurisdiction.

**5.** Please see footnote 1.